TAYLOR, Presiding Judge.
The appellant, Dwayne Lamar Hawkins, was convicted of possession of a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. The appellant was sentenced to two years in the State penitentiary. This sentence was suspended and the appellant was placed on probation and was required to attend boot camp.
The facts, as stipulated to at trial, tended to show that the appellant was stopped by two Montgomery police officers for a routine traffic violation. The appellant did not have a driver’s license and so informed the police when requested to produce one. The police officer began writing out the UTTC, charging the appellant with driving without a license. While making out the ticket, the police officer asked the appellant certain questions, seeking information as to his name, address, date of birth, Social Security number, height, weight, eye color, and hair color. The appellant provided the officer with correct information as to the personal data, including address and Social Security number, but stated that his last name was Henderson rather than Hawkins.
Upon completion of the UTTC, the senior officer, Corporal McCloud, recognized the appellant as being Dwayne Hawkins, not Dwayne Henderson as he had informed the officer. When asked if his name was Dwayne Hawkins instead of Dwayne Henderson, the appellant admitted that his name was, in fact, Dwayne Hawkins, and another UTTC was immediately completed, using the same correct information previously given but issued this time in the name of Dwayne Hawkins.
After the appellant signed both tickets, he was placed under arrest for violating § 29.18, Montgomery City Code, which reads as follows:

*153
“SEC. 29-18. False Statements, etc.

“Whoever in any manner within the jurisdiction of any department or agency of the city knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact or makes any false, fictitious or fraudulent statements or representations or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry shall, on conviction, be punished as provided in Section 1-6.”
The appellant was then taken directly to the City jail, where he was searched and found to be in possession of cocaine.
The appellant contends that the trial court erred to reversal by failing to suppress the State’s evidence as being the product of an unlawful search and seizure. We agree.
The appellant was illegally placed under custodial arrest. The traffic violation with which he was initially charged is commonly known as “driving without a license” and is a misdemeanor. See §§ 32-6-1, 32-6-18, Code of Alabama 1975.
Section 32-1-4, Code of Alabama 1975, reads as follows:
“§ 32-1-4. Appearance upon arrest for misdemeanor.
“(a) Whenever any person is arrested for a violation of any provisions of this title punishable as a misdemeanor, the arresting officer shall, unless otherwise provided in this section, take the name and address of such person and the license number of his motor vehicle and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice, and such person shall, if he so desire, have a right to an immediate hearing or a hearing within 24 hours at a convenient hour and such hearing to be before a magistrate within the county or city where such offense was committed. Such officer shall thereupon and upon the giving by such person of a sufficient written bond, approved by the arresting officer, to appear at such time and place, forthwith release him from custody.
“Any person refusing to give such bond to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate.
“Any person who willfully violates his written bond to appear, given in accordance with this section, shall be guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested.
“(b) The provisions of this section shall not apply to any person arrested and charged with an offense causing or contributing to an accident resulting in injury or death to any person nor to any person charged with driving while under the influence of intoxicating liquor or of narcotic or other drugs nor to any person whom the arresting officer shall have good cause to believe has committed any felony, and the arresting officer shall take such person forthwith before the nearest or most accessible magistrate.
“(c) Any person violating any of the provisions of this section shall be guilty of' misconduct in office.”
In Morton v. State, 452 So.2d 1361 (Ala.Cr.App.1984), this court held:
“The clear import of this section is that the police have no authority to take a motorist into custody and then require him to go to the local stationhouse when that motorist has committed a misdemeanor traffic violation but is willing to sign the summons to court. This interpretation is supported by Daniels v. State, 416 So.2d 760, 765 (Ala.Cr.App.1982), in which this court said, ‘Except for the exceptions provided by Section 32-1-4(b), a person arrested for a misdemeanor traffic violation is not subject to further detention for that offense once the arresting officer has obtained the necessary information and given the motorist the “summons or notice” to appear.’ See also Gaskin v. State, 338 So.2d 1041 (Ala.Cr.App.1976). This statute requires strict compliance by the arresting officer as is evidenced by the penalty provisions of subsection ‘c.’ ”
Morton, supra, 452 So.2d at 1364.
When the arresting officer in the case at bar realized that the appellant had given *154 him a false name, the officer, at that point, should have done one of two things. First, the officer could have immediately arrested the appellant for violating § 29-18, Montgomery City Code, “False Statements, etc.,” or, in the alternative, the officer could have rewritten the UTTC, using the appellant’s correct surname, had the appellant sign the UTTC, and then released the appellant on his own recognizance. This Court is of the opinion, insofar as this case is concerned, that these options are mutually exclusive and cannot lawfully be employed together. See generally 61A C.J.S. Motor Vehicles § 593(1) (1970).
Therefore, since the arresting officer “obtained the necessary information” for a summons to appear in court, and the appellant was “willing to sign the summons,” as is required by Morton, supra, it was improper for the officer to further detain the appellant. The appellant’s arrest was thus illegal, as was the subsequent search and seizure of the cocaine. Accordingly, the trial court erred in denying the appellant’s motion to suppress.
Appellant’s conviction is therefore reversed, and this case is remanded to the trial court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.