Dwayne Lamar Hawkins was convicted of possession of a controlled substance, in violation of § 13A-12-212, Ala. Code 1975. The Court of Criminal Appeals reversed the conviction. We reverse and remand. *Page 155 
The issue is whether the cocaine found in Hawkins's possession was the product of an illegal search and seizure.
Hawkins was stopped by two City of Montgomery police officers for a routine traffic violation. One of the police officers asked Hawkins for his driver's license. Hawkins informed the officer that he did not have his driver's license with him. The police officer began to issue a Uniform Traffic Ticket and Complaint (hereinafter "UTTC") for driving without a license.[1] While completing the UTTC, the officer asked Hawkins for certain information, including his name, address, date of birth, Social Security number, height, weight, eye color, and hair color. Hawkins told the officer that his name was Dwayne Henderson, which was false. The rest of the information that Hawkins gave to the officer was correct.
The other officer recognized Hawkins and told the first officer that his correct name was Dwayne Hawkins. When asked if his name was really Dwayne Hawkins, he admitted that it was. Another UTTC for driving without a license was then issued in the name of Dwayne Hawkins. Hawkins signed both citations. The police officers then arrested Hawkins for giving false information to a city official in violation of § 29-18,Montgomery City Code. During a custodial search at the city jail, the police found cocaine in Hawkins's possession. Hawkins was indicted for possession of a controlled substance.
The trial court denied the motion to suppress the cocaine, and the case was submitted to the court on stipulated facts after Hawkins waived the right to a jury trial. Hawkins was found guilty. The Court of Criminal Appeals reversed the conviction.
The Court of Criminal Appeals found that Hawkins was illegally placed under arrest and, consequently, that the cocaine should have been suppressed as being the product of an unlawful search and seizure. We disagree.
The Court of Criminal Appeals wrote:
 "When the arresting officer in the case at bar realized that the appellant had given him a false name, the officer, at that point, should have done one of two things. First, the officer could have immediately arrested the appellant for violating § 29-18, Montgomery City Code, 'False Statements, etc.,' or in the alternative, the officer could have rewritten the UTTC, using the appellant's correct surname, had the appellant sign the UTTC, and then released the appellant on his own recognizance. This Court is of the opinion, insofar as this case is concerned, that these options are mutually exclusive and cannot lawfully be employed together."
Hawkins v. State, 585 So.2d 152, 153-154 (Ala.Cr.App. 1990).
The Court of Criminal Appeals relied upon Morton v. State,452 So.2d 1361 (Ala.Cr.App. 1984). In Morton, the defendant was arrested for two traffic violations after he had signed a summons to appear in court for the traffic violations. TheMorton court held that, because both traffic violations charged against Morton were misdemeanors, § 32-1-4, Ala. Code 1975, was applicable. In discussing § 32-1-4, the court held that "the clear import of this section is that the police have no authority to take a motorist into custody and then require him to go to the local stationhouse when that motorist has committed a misdemeanor traffic violation but is willing to sign the summons to court." Morton, 452 So.2d at 1364.
In this case, Hawkins was stopped for a traffic violation. He was then given a citation for driving without a license and he gave the officer writing the citation a false name. Hawkins was then given a second citation for driving without a license. He signed both citations in lieu of going to jail on the traffic charges. Hawkins was then arrested for giving false information to a police officer, a separate non-traffic related misdemeanor. We note that the Morton case specifically refers to Title 32, Ala. Code 1975, Motor Vehicles and Traffic, and does *Page 156 
not involve non-traffic related misdemeanors. Therefore, we cannot agree that Hawkins's arrest for giving false information to a city official was illegal.
Section 15-10-3, Ala. Code 1975, provides that "an officer may arrest a person without a warrant when any public offense has been committed in his presence." In State v. Phillips,517 So.2d 648 (Ala.Cr.App. 1987), the court held that pursuant to §15-10-3, an officer may arrest a person without a warrant if a misdemeanor, the violation of a city ordinance, or a threat to breach the peace occurs in his presence. Giving false information to a police officer in violation of § 29-18,Montgomery City Code, is a misdemeanor.
Based on the foregoing, we find that Hawkins's arrest was legal and that the trial court correctly denied the motion to suppress the cocaine as a product of an illegal arrest.
The judgment of the Court of Criminal Appeals is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The UTTC allows the offender to sign a summons agreeing to appear in court instead of going to jail.