I concur in the result reached by the majority, reversing the circuit courts ruling granting Rodgers's motion to suppress. I write because after I reviewed the videotape of the stop, I was initially compelled to agree with the trial court's findings. Those findings are set forth below and are correct in fact and law.
 "The court having considered the Motion to Suppress filed by the defendant and having taken testimony with regard to the issues therein, the court finds the law to be, as follows:
 "Under Terry v. Ohio, 392 U.S. 1[, 88 S.Ct. 1868, 20 L.Ed.2d 889], an investigation on a traffic stop must be `reasonably related in scope to the circumstances which justified the interference in the first place.' In United States v. Guzman, 864 F.2d 1512 [(10th Cir. 1988)], the court found that an officer conducting a routine traffic stop may request a driver's license and registration, run a computer check, and issue a citation; however, after the check he must be allowed to proceed on his way without being subject to further delay and questioning. Further, in order to justify a delay for further questioning `. . . the officer must also have reasonable suspicion "of illegal transactions in drugs or of any other serious crime."' Royer, 460 U.S. at 498-99[, 103 S.Ct. 1319].
 "Based upon the above law cited the court finds after viewing evidence in this case in the form of the video tape and testimony that the consent to search was not valid under the Fourth Amendment of the United States Constitution, since it was obtained after the license and registration along with the rental agreement *Page 180 
had been examined. Although the duration of the stop was not inordinate, even the officer recognized at the scene that he had no further authority to delay the defendant in this case and sought thereafter the consent to search. While the results of the search were fruitful, this court cannot find that the search was justified under the circumstances.
 "The court having determined that issues as stated the substances obtained in the search are hereby suppressed."
It is blatantly clear from the videotape that the officers involved in Rodgers's traffic stop had no "probable cause to arrest [Rodgers] for some other non-traffic offense, . . . [n]or ha[d] a reasonable suspicion of [Rodgers's] involvement in some other criminal activity justifying further detention for investigatory purposes." State v. Washington, 623 So.2d 392,395 (Ala.Crim.App. 1993), citing Hawkins v. State,585 So.2d 154 (Ala. 1991), and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968). The officers were seeking some justification to search Rodgers's automobile and, in so doing, detained Rodgers beyond what was necessary to complete the traffic stop. However, when Rodgers gave his consent to allow the officers to search his automobile, he was seated in his automobile, his license had been returned, and it appeared that he was going to be released with only a warning not to exceed the speed limit. It also appears from the videotape that the officers, frustrated in their attempt to find a legitimate reason justifying a search of the automobile, were prepared to release Rodgers if he declined to consent to the search of his automobile. I do not believe that the above factors, in light of the brevity of the stop,[1] caused Rodgers's detention to be coercive in nature rendering his consent to search to be involuntary.
Therefore, despite my initial agreement with the trial court, I must ultimately agree with the majority that the trial court's decision to grant the motion to suppress is due to be reversed.
[1] By my observation from watching the videotape, the stop lasted 11 minutes and 49 seconds from the time Rodgers was stopped until he consented to the search.