WISE, Judge.
 

 Ed Davis was arrested and charged with unlawful possession of a controlled substance (crack cocaine), a violation of § 13A-12-212(a)(l), Aa.Code 1975. Davis filed a pretrial motion to suppress the evidence seized as the result of an investigatory stop, namely, a plastic bag containing what was later determined to be crack cocaine. Following an evidentiary hearing, the trial court granted Davis’s motion, stating that the State had failed to establish the reliability of the informant or the basis for the informant’s knowledge and had not corroborated the information supplied by the informant. Pursuant to Rule 15.7, Aa.R.Crim.P., the State appeals the circuit court’s ruling.
 

 
 *469
 
 The evidence presented at the suppression hearing established the following: During a September 29, 2006, investigatory stop, Montgomery County Sheriffs Deputy Lynn Esco discovered Daws in possession of what was later determined to be crack cocaine. Deputy Esco testified that he was notified by several people in the Wedgewood Trailer Park that a man named “Ed,” who rode a bicycle, had outstanding warrants and was involved with narcotics in the neighborhood; he stated that he received information about Davis that day from three or four individuals. According to Deputy Esco, because those individuals only identified the man as “Ed,” he needed to get more information from the man in order to check to see if he had any outstanding warrants. Deputy Esco stated that one of the individuals was an informant who had provided reliable information to him in the past concerning two other individuals who were selling drugs and participating in other illegal activity in the neighborhood. The informant telephoned Deputy Esco and advised him that Ed might be buying drugs on Old Selma Road near a local church from an individual who normally drives a red automobile and that she believed Ed may have outstanding warrants. The informant further advised Deputy Esco that Ed made the transactions out on Old Selma Road near the local church because he was afraid to make the transactions in the neighborhood because the presence of the sheriffs department in the neighborhood. Deputy Esco also testified that another individual informed him that “they heard that somebody had gotten in an argument with [Ed] or something and was talking about going to sign a warrant on [Ed].” (R. 11.) Deputy Esco further testified that he was familiar with the neighborhood and had seen and spoken with Davis in passing before, but did not know him by name. Deputy Esco stated that when he approached the entrance to Wedgewood Trailer Park from Old Selma Road, he saw Davis, who was on his bicycle, turning into the trailer park. According to Deputy Esco, he was confident that Davis was the person the informant had told him about because “the informant said he’ll be on a bicycle coming down Old Selma Road coming into Wedgewood, and if you don’t hurry, he’ll already be back in the trailer. So I knew at that time that he would be — by the time — by the length of time they explained to me where he would be and the time I got there, that’s where he would have been at the time.” (R. 7.)
 

 Deputy Esco testified that he pulled his police car behind Davis, stopped, got out of his patrol car, and told Davis he needed to talk to him. Deputy Esco stated that when he asked Davis to place his hands on the car so he could do a quick patdown, he noticed a clear plastic bag in Davis’s hand. Deputy Esco further testified that when he told Davis to place his hands on the car, Davis placed his hands on the car and “[h]e put his head down like this (indicating). He said, ‘[A]ll right. You got me,’ or something to that effect. He said, T know you saw it.’ And then I said, ‘[W]eir — I said, ‘[S]aw what?’ He said, T have a little dope.’ ” (R. 5.)
 

 According to Deputy Esco, when he receives information that an individual may have outstanding warrants he contacts the individual and requests his or her full name and date of birth and then runs a check to determine the existence of any outstanding warrants. Deputy Esco stated if the check revealed an outstanding warrant he would arrest the individual; if the check did not reveal any warrants, he would thank the person for their time and patience.
 

 “This Court reviews de novo a circuit court’s decision on a motion to sup
 
 *470
 
 press evidence when the facts are not in dispute. See
 
 State v. Hill,
 
 690 So.2d 1201, 1203 (Ala.1996);
 
 State v. Otwell,
 
 733 So.2d 950, 952 (Ala.Crim.App.1999).”
 
 State v. Skaggs,
 
 903 So.2d 180, 181 (Ala.Crim.App.2004). Here, the facts are uncontested; Deputy Esco was the sole witness to testify at the suppression hearing, and his testimony was undisputed. Thus, the only issue before this Court is whether the trial court correctly applied the law to the facts presented at the suppression hearing, and we afford no presumption in favor of the trial court’s ruling.
 

 “Under
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), law enforcement officers may conduct investigatory stops of persons or vehicles if they have a ‘reasonable suspicion that criminal activity has occurred, is occurring, or is about to occur. See generally
 
 Caffie v. State,
 
 516 So.2d 822, 825-26 (Ala.Crim.App.1986), [affirmed], 516 So.2d 831 (Ala.1987).’
 
 Lamar v. State,
 
 578 So.2d 1382, 1385 (Ala.Crim.App.), cert. denied, 596 So.2d 659 (Ala.1991). ‘Reasonable suspicion is a less demanding standard than probable cause,’
 
 Alabama v. White,
 
 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990), requiring only that the detaining officers ‘have a particularized and objective basis for suspecting the person detained of criminal activity,’
 
 Webb v. State,
 
 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).
 

 “It is well settled that ‘[ijnformation provided by a reliable informant can provide the reasonable suspicion required to justify a
 
 Terry
 
 stop.’
 
 Lamar v. State,
 
 578 So.2d at 1385 and authorities cited therein. Whether the information provided by an informant in a particular case is sufficient to establish reasonable suspicion is to be determined by applying the ‘totality of the circumstances’ test set out in
 
 Illinois v. Gates,
 
 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
 
 Alabama v. White,
 
 496 U.S. at 330-31, 110 S.Ct. at 2416. Under this test, which was formulated in the context of probable cause, the informant’s ‘veracity,’ ‘reliability,’ and ‘basis of knowledge’ are ‘highly relevant’ factors to be considered.
 
 Gates,
 
 462 U.S. at 230, 103 S.Ct. at 2328. However, because reasonable suspicion is a lower standard, there need not be as strong a showing with regard to these factors as is required for the establishment of probable cause,
 
 Alabama v. White,
 
 496 U.S. at 330-31, 110 S.Ct. at 2415.
 

 [[Image here]]
 

 “ ‘Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by the police and its degree of reliability. Both factors — quantity and quality— are considered in the “totality of the circumstances — the whole picture,”
 
 United States v. Cortez,
 
 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981), that must be taken into account when evaluating whether there is reasonable suspicion. Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.’
 

 “Alabama v. White,
 
 496 U.S. at 330, 110 S.Ct. at 2416. Conversely, where, as here, the tip is shown to have a high degree of reliability, reasonable suspicion may be established by less detailed information.”
 

 Wilsher v. State,
 
 611 So.2d 1175, 1179-80 (Ala.Crim.App.1992). The “track record” of the informant may be a factor in assessing his credibility. See
 
 Money v. State,
 
 717 So.2d 38 (Ala.Crim.App.1997). However, the State is not required to show that the informant has proven to be reliable
 
 *471
 
 any particular number of times. See
 
 Reese v. State,
 
 456 So.2d 341 (Ala.Crim.App.1982).
 

 “The fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable.
 
 Kirk,
 
 612 So.2d at 1254. Common sense dictates that a confidential informant ‘must be a first time informer before [the informant] can inform a second time.’ 612 So.2d at 1254.”
 

 Usery v. State,
 
 668 So.2d 919, 921 (Ala.Crim.App.1995). Additionally, corroboration supplied by police officers lends support to the reliability and veracity of the informant. See
 
 Usery,
 
 supra;
 
 Moynes v. State,
 
 568 So.2d 392, 394 (Ala.Crim.App.1990);
 
 Dale v. State,
 
 466 So.2d 196, 200 (Ala.Crim.App.1985). Finally,
 

 “[a] sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions.”
 

 § 15-5-30, Ala.Code 1975. See also
 
 Richardson v. City of Trussville,
 
 492 So.2d 625 (Ala.Crim.App.1985).
 

 Here, Deputy Esco conceded that some of the individuals who provided information to him about Davis were not confidential informants.
 
 [1]
 
 However, Deputy Esco testified that the individual he characterized as an informant had previously supplied information about two other individuals involved in drugs and other illegal activities in the neighborhood and that that information had been found to be true and accurate. Further, the information provided to Deputy Esco about Davis by the confidential informant, i.e., drug transactions and outstanding warrants, was corroborated by other individuals who provided similar information to Deputy Esco. The confidential informant was able to give a description of the bicycle and automobile involved in the drug transactions, the location of the transaction and the route Davis traveled to conduct the transactions, and Davis’s first name and a general description of Davis. The confidential informant’s information was based on firsthand knowledge. Further, the additional individuals who spoke with Deputy Esco that day provided similar information. Additionally, Deputy Esco was familiar with Davis based on the information provided to him by the informant and other individuals and based on his own personal encounters with Davis in the area. Deputy Esco also testified that he located Davis where he anticipated Davis would be based on the information provided by the informant and the time he estimated it would take for Davis to arrive at the scene after speaking with the informant.
 

 Although he did not testify extensively about the prior instances in which the informant had provided information, the fact that similar information about Davis was provided to Deputy Esco by other individuals, coupled with Deputy Esco’s personal familiarity with Davis and his ob
 
 *472
 
 servations when he arrived at the scene, certainly bolstered the credibility and veracity of the confidential informant. Based on the totality of the circumstances, we conclude that Deputy Esco had reasonable suspicion to approach Davis and ask him to speak with him. Therefore, the trial court erred in granting Davis’s motion to suppress.
 

 Based on the foregoing, we reverse the order of the trial court and remand this case for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
 

 [1]
 

 . Other than the individual Deputy Esco characterized as a confidential informant, it is unclear from the record whether Deputy Esco knew the identity of the other individuals or the basis of their knowledge of the information they provided. He indicated only that he had received information from "several” or "numerous” (R. 10) individuals numbering at least "three or four." (R. 11.)