JOINER, Judge.
Alvin Lamar Worthy pleaded guilty to trafficking in marijuana in violation of § 13A-12-231, Ala.Code 1975. He was sentenced to 15 years’ imprisonment and was ordered to pay a $25,000 fine, a $2,000 drug-demand-reduction assessment, a $100 forensic-trust assessment, a $50 crime victims compensation assessment, and court costs. Worthy reserved the right to appeal the trial court’s denial of his motion to suppress the discovery of the marijuana that resulted in his arrest. This appeal ensued.
At Worthy’s suppression hearing, Corporal J.J. Allen and Officer Jacob Smither-man of the Montgomery Police Department testified that on February 6, 2010, they were patrolling a stretch of Interstate 85 in Montgomery County when they observed a vehicle with a “tag applied for” license plate traveling on the highway. Both Allen and Smitherman were part of the police department’s highway-safety team and were trained in traffic interdiction and observing indicators of criminal activity in roadside interviews. Alen drove his patrol car out of the median and pulled the vehicle over without incident. Worthy was the driver of the vehicle. A-len approached the passenger side of the vehicle and obtained Worthy’s driver’s license and a rental agreement for the vehicle.
According to Alen, the passenger[1] in the vehicle appeared nervous and would not look at Alen as he talked. Worthy stated that he was traveling from Atlanta, Georgia. The passenger later stated that he had been asleep for most of the trip but that he and Worthy had been traveling from Augusta, Georgia. Alen asked Worthy to step out of his vehicle and wait in front of the patrol car while he ran a warrant check. Ater Worthy stepped out of his rental vehicle, Smitherman asked Worthy if he had any prior arrests. Worthy responded that he had previously been arrested on weapons charges.
Alen returned to his patrol car and ran a criminal-history check that found that Worthy had previously been arrested on weapons and drug charges. While in the patrol car, Alen inspected the vehicle-rental agreement, which revealed that the vehicle was three days past due to Enterprise Rent-a-Car.
While Alen was in the patrol car, Smith-erman questioned Worthy on the identity of the passenger in his rental vehicle. *765 Worthy stated that the passenger was his cousin but was unable to tell Smitherman the passenger’s last name. According to Smitherman, Worthy’s hands shook, and he repeatedly touched his hands to his face as Smitherman questioned him on his prior criminal history and the identity of his passenger.[2]
After Allen completed the criminal-history check, Smitherman explained the purpose of the highway-safety team to Worthy and asked him a series of questions regarding the trafficking of illegal contraband. Smitherman testified that when he asked Worthy if there was any marijuana in the vehicle, Worthy briefly paused and took a short breath before stating no, which was different from the manner in which he had answered the other questions put to him.
Smitherman then asked Worthy for permission to search his rental vehicle. After Worthy failed to consent to a search,[3] a K-9 unit was called to the scene and performed a free-air search of the vehicle. After the dog alerted at the driver’s side of the trunk, the trunk was searched and approximately five pounds of marijuana was discovered.
The sole issue Worthy raises on appeal is the legality of the search resulting in the discovery of the evidence forming the basis of his conviction.
“The trial court’s ultimate legal conclusion on a motion to suppress as to whether a given set of facts constitutes reasonable suspicion of probable cause is reviewed de novo on appeal.” State v. Smith, 785 So.2d 1169, 1173 (Ala.Crim. App.2000) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). “‘Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the [appellate court] will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’ ” State v. Hill, 690 So.2d 1201, 1203 (Ala.1996) (quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980)). Because only the arresting officers testified at Worthy’s suppression hearing, and the evidence was thus undisputed, the decision of the trial court should be reviewed de novo. Hill, supra.
“ ‘Whether there is probable cause to merit a warrantless search and seizure is to be determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). “Probable cause exists where all the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be *766 searched.” Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App.1991).’ ”
Woods v. State, 695 So.2d 636, 640 (Ala. Crim.App.1996). “Sufficient probability, not certainty ..., is the touchstone under the Fourth Amendment.” Allen v. State, 689 So.2d 212, 216 (Ala.Crim.App.1995).
“ ‘ “This court has long held that war-rantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. See, e.g., Chevere v. State, 607 So.2d 361, 368 (Ala.Cr.App. 1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985); Chevere, supra, 607 So.2d at 368.” ’
“State v. Mitchell, 722 So.2d 814 (Ala.Cr. App.1998), quoting Rokitski v. State, 715 So.2d 859 (Ala.Cr.App.1997).”
State v. Otwell, 733 So.2d 950, 952 (Ala. Crim.App.1999). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone. Harris v. State, 948 So.2d 583 (Ala.Crim.App.2006).
“ ‘Under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), law enforcement officers may conduct investigatory stops of persons or vehicles if they have a “reasonable suspicion that criminal activity has occurred, is occurring, or is about to occur. See generally Caffie v. State, 516 So.2d 822, 825-26 (Ala.Crim.App.1986), [affirmed], 516 So.2d 831 (Ala.1987).” Lamar v. State, 578 So.2d 1382, 1385 (Ala.Crim.App.), cert. denied, 596 So.2d 659 (Ala.1991). “Reasonable suspicion is a less demanding standard than probable cause,” Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990), requiring only that the detaining officers “have a particularized and objective basis for suspecting the person detained of criminal activity,” Webb v. State, 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).’ ”
State v. Davis, 7 So.3d 468, 470 (Ala.Crim. App.2008).
In the present case, “although the appellant correctly notes that none of these factors alone would have justified searching his car, we must look at the totality of the circumstances when determining whether reasonable suspicion exists.” Owen v. State, 726 So.2d 745, 747 (Ala. Crim.App.1998).
This court has previously stated that “unless coupled with additional and objectively suspicious factors, nervousness in the presence of a police officer and/or failure to make eye contact do not establish reasonable suspicion to believe that the person is engaged in criminal activity.” Peters v. State, 859 So.2d 451, 454 (Ala. Crim.App.2003). However, “[w]hile we have held that nervousness alone may not be sufficient to constitute reasonable suspicion, see State v. Washington, 623 So.2d 392 (Ala.Crim.App.1993), it is a ‘pertinent factor.’ ” Camp v. State, 983 So.2d 1141, 1146 (Ala.Crim.App.2007).
“This Court has repeatedly held that “‘nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.” ’ State v. McPherson, 892 So.2d 448, 454 (Ala.Crim.App.2004), quoting Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570, (2000). See also Smith v. State, 19 So.3d 912 (Ala.Crim.App.2009); W.D.H. v. State, 16 So.3d 121 (Ala.Crim.App. 2008); and Camp v. State, 983 So.2d 1141 (Ala.Crim.App.2007) (all quoting *767 Wardlow to support the same proposition).”
State v. Jemison, 66 So.3d 832 (Ala.Crim. App.2010).
The nervousness Allen and Smith-erman detected from Worthy and his passenger is by itself insufficient to create a reasonable suspicion justifying further detention. Nonetheless, this nervous behavior combined with Worthy’s evasiveness regarding the identity of his passenger, the conflicting stories by Worthy and his passenger regarding the starting point of their trip, Worthy’s failure to disclose his prior marijuana arrest, and the fact that the rental car Worthy was driving was three days overdue combine to create a reasonable suspicion of concealment of criminal activity.
In Peters, this Court stated that the mere fact that a driver and his passenger gave different travel destinations does not establish reasonable suspicion to detain. Peters, 859 So.2d at 456. Differing accounts of the source of a trip and a driver’s inability to identify his passenger’s last name, however, are pertinent factors contributing to a reasonable suspicion of involvement in criminal activity. See United States v. Hardy, 855 F.2d 758, 758 (11th Cir.1988).
A defendant’s prior arrest record alone is not a sufficiently “particularized and objective” basis to suspect criminal activity and to detain a defendant further. Smith v. State, 953 So.2d 445, 449 (Ala.Crim.App.2006). A defendant’s false statements concerning his pri- or arrest record, however, is a relevant factor for forming the reasonable suspicion necessary to detain. Owen, 726 So.2d at 747 (noting that the defendant “initially falsely stated that he had never been arrested” and that this, and other factors, “were relevant to the question of whether the appellant was hiding something illegal in his car and viewed along with the appellant’s extreme nervousness gave [the detaining officer] a basis to reasonably suspect that the appellant was engaged in criminal activity.”). Worthy stated that he had previously been arrested only on weapons charges and failed to disclose his prior arrest related to marijuana possession.
Finally, Worthy’s rental car was three days overdue. Delinquency in returning a rental car, particularly when combined with inconsistent travel descriptions, contributes to a reasonable suspicion of concealment of criminal activity. See United States v. Sanchez, 408 F.Supp.2d 1255, 1259 (S.D.Fla.2005), aff'd (No. 06-12244, Nov. 14, 2007) (11th Cir.) (not selected for publication in the Federal Reporter) (nervousness, inconsistent statements by driver and passenger regarding source of the trip, and one-day expired rental agreement raised reasonable suspicion justifying investigative stop); United States v. Huynh, (No. 07-8021, Feb. 8, 2008) (10th Cir.) (not selected for publication in the Federal Reporter) (affirming conviction based on four-day overdue rental vehicle, discrepancy in stated relationship between driver and passenger, nervousness, and inconsistent travel plans as part of the totality of the circumstances justifying reasonable suspicion); United States v. Branch, 537 F.3d 582, 588 (6th Cir.2008) (listing nervousness and several weeks overdue rental car as part of the totality of factors creating reasonable suspicion).
Based on the totality of the circumstances, Corporal Allen and Officer Smitherman formed a reasonable suspicion that Worthy was engaged in criminal activity and were justified in detaining him *768 until a search could be performed by the K-9 unit. The alert by the drug dog created probable cause to search Worthy’s vehicle, resulting in the discovery of the marijuana forming the basis of his guilty plea and conviction. State v. Montgomery, 968 So.2d 543, 551 (Ala.Crim.App.2006) (“[A]n alert by a trained drug-sniffing dog provides probable cause to search without a warrant.”). Accordingly, the trial court did not err in denying Worthy’s motion to suppress.
The judgment of the trial court is affirmed.
AFFIRMED
WELCH, P.J., and WINDOM, KELLUM, and BURKE, JJ., concur.

. The record does not identify the passenger.

. On cross-examination, Officer Smitherman was asked the following:
"Q. [DEFENSE COUNSEL:] Out of that video we just watched, you have reviewed it, what would you say was nervous in his behavior?
"A. [OFFICER SMITHERMAN:] Touching his face. He kept going back touching his face.
"Q. Just touching his face?
"A. And his hands were shaking a little bit.
"Q. This was February, right?
“A. Sir?
“Q. February?
"A. Yes, sir.
“Q. You won't dispute it was cold?
“A. No, sir.
"Q. You had your jacket on?
"A. Yes, sir.
"Q. You shake maybe a little when you are cold?
"A. You can, yes, sir.”
(R. 78-9.)

. According to Officer Smitherman, Worthy never gave a yes or no answer, but he did not consent to a search.