WINDOM, Presiding Judge.
The State of Alabama appeals the circuit court’s decision suppressing evidence of drugs and drug paraphernalia discovered during a warrantless search of a vehicle being driven by Christopher Craig. For the reasons that follow, this Court reverses the circuit court’s order and remands the cause for further proceedings.
On March 30, 2011, a Coffee County grand jury issued an indictment charging Craig with unlawful possession of a controlled substance, see § 13A-12-212, Ala. Code 1975, and possession of drug paraphernalia, see § 13A-12-260, Ala.Code 1975. On August 24, 2011, Craig filed a motion to suppress all evidence seized during the traffic stop. In his motion, Craig argued that the drug evidence was the product of an illegal search of his vehicle; therefore, all the evidence should be suppressed.
On September 14, 2011, the circuit court held a hearing on Craig’s motion, during which the State presented the testimony of one witness, Officer Skip Neuwien. Dur *360 ing the hearing, Officer Neuwien testified that Craig’s license plate was affixed incorrectly and was registered to another vehicle. Craig was able to frustrate Officer Neuwien’s attempts to position his patrol car behind Craig to pull him over for the improper tag, so Officer Neuwien summoned Officer Christopher Millard for assistance. Officer Millard was able to position his patrol car behind Craig, at which time he activated the patrol car’s lights. Craig, however, continued to drive “a pretty good ways before his stopped.” (R. 7.) Craig passed several places where he could have stopped before eventually stopping in a Burger King fast-food restaurant parking lot.
After Craig stopped, both Officer Neu-wien and Officer Millard saw Craig lean his body over and make furtive movements toward the center console of the vehicle. Officer Neuwien approached Craig and asked Craig for his driver’s license. Craig gave Officer Neuwien an identification card as opposed to a driver’s license. At that point, Officer Millard ordered Craig to get out of the vehicle.
As Craig was getting out of the vehicle, Officer Neuwien saw something shiny in Craig’s hand. The shiny object turned out to be an “extremely sharp-pointed pair of tweezers” that could have been used as a weapon. (R. 9, 12.) Officer Neuwien explained that Craig had the tweezers “clenched in his fist in a manner [that] looked as if [he] was going to use them.” (R. 42.) Because Craig got out of the vehicle with a sharp object that could have been used a weapon, the officers were concerned for their safety, so they “went ahead and secured” Craig by placing him in handcuffs and putting him in a patrol car. (R. 9.) After handcuffing Craig, Officer Neuwien looked at the seat in the vehicle where Craig had been sitting and saw a .32 caliber bullet. Upon seeing the bullet, Officer Neuwien became concerned that there was a gun in the vehicle. Officer Neuwien asked Craig if there was a gun in the vehicle, and Craig said that there was not.
Officer Neuwien explained that Craig was not under arrest at that point and that he would have had access to any weapons in the vehicle when allowed back into his vehicle. He also explained that he was concerned for his safety after observing Craig’s furtive movements, the sharp tweezers, and the bullet. Thus, Officer Neuwien searched in the vicinity of the console of the vehicle where Craig had made the furtive movements.
During the search, Officer Neuwien found a “glass pipe smoking device” and a “Kel-Tec .32, which is an extremely small pistol.” (R. 10.) The .32 caliber pistol was “right between the seat and the console” where Craig had been sitting. (R. 10.) The officers also saw several loose pills in the cup holder in the console. Craig was then arrested for possession of drug paraphernalia. He was later charged with possession of drug paraphernalia, possession of a controlled substance, and being a convicted felon in possession of a firearm.
At the conclusion of the hearing, the State argued that the search of the vehicle was justified under Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because the officers had a reasonable belief that Craig was armed and dangerous. Craig argued that the belief that he was dangerous was not reasonable because, at the time of the search, he was handcuffed and in a patrol car. The circuit court, however, did not address the State’s position that the search of the vehicle was justified for the officers’ safety under Long and Terry. Instead, the circuit court, relying on the decision of the Supreme Court of the Unit *361 ed States in Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), held that the search was not a proper search incident to an arrest, and it granted Craig’s motion to suppress.
On appeal, the State reasserts its argument that the search of Craig’s vehicle was proper under Long and Terry because the officers had a reasonable belief based on articulable facts that Craig was armed and that he posed a danger to them. This Court agrees.
Initially, this Court notes:
“ ‘ “When evidence is presented ore ten-us to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,” Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); “[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,” Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make “ ‘all the reasonable inferences and credibility choices supportive of the decision of the trial court.’ ” Kennedy v. State, 640 So.2d 22, 26 (Ala.Crim.App.1993), quoting Bradley, 494 So.2d at 761. “[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court.... Absent a gross abuse of discretion, a trial court’s resolution of [such] conflictfs] should not be reversed on appeal.” Sheely v. State, 629 So.2d 23, 29 (Ala.Crim.App.1993) (citations omitted). However, “ ‘[w]here the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the [appellate] Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’ ” State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). ‘““[W]hen the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment.” ’ ” Ex parte Jackson, 886 So.2d 155, 159 (Ala.2004), quoting Hill, 690 So.2d at 1203, quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995). A trial court’s ultimate legal conclusion on a motion to suppress based on a given set of facts is a question of law that is reviewed de novo on appeal. See State v. Smith, 785 So.2d 1169 (Ala.Crim.App.2000).’ ”
C.B.D. v. State, 90 So.3d 227, 237 (Ala.Crim.App.2011) (quoting State v. Hargett, 935 So.2d 1200, 1203-04 (Ala.Crim.App.2005)). “Because only the arresting officer[ ] testified at [Craig’s] suppression hearing, and the evidence was ... undisputed, the decision of the trial court should be reviewed de novo.” Worthy v. State, 91 So.3d 762, 765 (Ala.Crim.App.2011) (citing State v. Hill, 690 So.2d 1201, 1203 (Ala.1996)).
Further, it is well settled that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless the State establishes that the search or seizure falls within a recognized exception. Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emergency situations; 5) probable cause coupled with exigent circumstances; and 6) an investigatory detention and search for weapons pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone. State v. Black, 987 So.2d 1177, 1180 (Ala.Crim.App. *362 2006) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)). Thus, this Court must determine whether the circuit court correctly determined that the search of Craig’s vehicle did not fall within one of these recognized exceptions to the warrant requirement of the Fourth Amendment.
“In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), [the Supreme Court of the United States] upheld the validity of a protective search [of a person] for weapons in the absence of probable cause to arrest because it is unreasonable to deny a police officer the right to neutralize the threat of physical harm,’ id., at 24, 88 S.Ct., at 1881, when he possesses an articulable suspicion that an individual is armed and dangerous.” Long, 463 U.S. at 1034. In Long, the Supreme Court extended its holding in Terry to the passenger compartment of an automobile. Long, 463 U.S. at 1049-50. The Court explained that “investigative detentions involving suspects in vehicles are especially fraught with danger to police officers.” Long, 463 U.S. at 1047. Thus, the “police may order persons out of an automobile during a stop for a traffic violation .... ” Long, 463 U.S. at 1047-48. Further, the Court held that, after a person has been removed from the vehicle, officers may conduct a protective search of the passenger compartment of the vehicle if the officers have a reasonable belief that the driver or an occupant is dangerous and that there is a weapon in the vehicle. Long, 463 U.S. at 1049-50; see also Ex parte Carpenter, 592 So.2d 627, 631 (Ala.1991) (recognizing that “[r]oadside encounters between police and suspects are hazardous, and danger may arise from the possible presence of weapons in the area surrounding a suspect”; therefore, officers may search the passenger compartment of a vehicle if they reasonably believe that an occupant is dangerous and that a weapon is in the vehicle). Specifically, the Court held:
“[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on ‘specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant’ the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.”
Long, 463 U.S. at 1049-50. “The reasonableness of [a Terry/Long 1 search is measured objectively.” Grantham v. City of Tuscaloosa, 111 So.3d 174, 176 (Ala.Crim.App.2012) (citations and quotations omitted). Thus, “[i]f a reasonably prudent person would believe that his safety, or the safety of others, is endangered, he may conduct a limited search of outer clothing [or the passenger compartment of a vehicle for weapons].” Id. Finally, “[i]f, while conducting a legitimate Terry search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances.” Long, 463 U.S. at 1050 (citations omitted).[1]
*363 Here, Craig was properly stopped for having an improper tag on his vehicle. While-attempting to pull Craig’s vehicle over, both officers noticed that Craig drove well beyond the distance necessary to stop and that Craig made furtive movements toward the center console of the vehicle. Camp v. State, 983 So.2d 1141, 1147 (Ala.Crim.App.2007) (recognizing that furtive movements are a factor to consider in determining whether officers have reasonable suspicion or probable cause to justify a search). When Craig finally stopped his vehicle, he failed to produce a driver’s license. Then, when asked to get out of the vehicle, he got out with a pair of extremely sharp tweezers clinched in his fist like a weapon. At that point, Craig was handcuffed, and the officers noticed a bullet on the seat where Craig had been sitting. The officers then detained Craig for their protection by placing him in a patrol car. Thereafter, the officers searched the passenger compartment of Craig’s vehicle and found the drugs and drug paraphernalia.
“The circumstances of this case clearly justified [the officers] in their reasonable belief that [Craig] posed a danger if he were permitted to reenter his vehicle.” Long, 463 U.S. at 1050. Further, after seeing a bullet on the car seat, the officers were reasonable in their belief that Craig had a weapon in the vehicle. Consequently, the officers’ search of Craig’s vehicle was constitutionally permissible under Long, 463 U.S. at 1049-50, and Terry, 392 U.S. at 24.
Accordingly, the circuit court’s order suppressing the evidence is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. The circuit court, relying on the decision of the Supreme Court of the United States in Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), held that the search was not a proper search incident to an arrest. The record is clear, however, that Craig was not arrested until after the officers found the drug evidence. Before that, he was subjected to a protective detention only. Therefore, the circuit court's application of Gant was errone *363 ous. Instead, the circuit court should have analyzed the legality of the search under the Supreme Court’s holdings in Long, 463 U.S. 1032, 103 S.Ct. 3469, and Terry, 392 U.S. 1, 88 S.Ct. 1868. See Gant, 556 U.S. at 352 (Scalia, J., concurring) (“It must be borne in mind that [the holding in Gant relates] only [to] a rule automatically permitting a search [of a vehicle] when the driver or an occupant is arrested. Where no arrest is made, we have held that officers may search the car if they reasonably believe ‘the suspect is dangerous and ... may gain immediate control of weapons.’ Michigan v. Long, 463 U.S. 1032, 1049 (1983).”); see also United States v. Griffin, 589 F.3d 148, 154 n. 8 (4th Cir.2009) ("Because Griffin was not yet arrested at the time of the search, Arizona v. Gant, [556 U.S. 332] (2009), is inapposite. That case held that police may search a vehicle incident to a recent occupant’s arrest as authorized by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ‘only when the arres-tee is unsecured and within reaching distance of the passenger compartment at the time of the search.’ Gant, [556 U.S. at 343], This reasoning does not extend to protective searches under Long because in a.-Terry stop where the suspect has not been arrested, ‘the possibility of access to weapons in the vehicle always exists, since the driver or passenger will be allowed to return to the vehicle when the interrogation is completed.’ Id. at [352], (Scalia, J., concurring).”).