Jessie Kitchens, the appellant, was tried before a judge sitting without a jury and convicted of possessing marijuana in violation of the Alabama Uniform Controlled Substances Act, Section 20-2-70, Code of Alabama (1975). Sentence was three years' imprisonment and a $3000 fine. Two issues are raised on appeal.
 I
Kitchens contends that the marijuana was seized as the result of an illegal search and therefore should have been suppressed.
On the afternoon of May 2, 1982, Larry Montgomery, an off-duty Lawrence County Deputy Sheriff, observed two cars parked partially upon a public gravel road. Kitchens was seated in the driver's seat of one of the cars. Beside him was seated Teresa Randolph. Ben Yeager was standing beside Kitchens' car talking with Kitchens and Ms. Randolph. Deputy Montgomery had to "pull around the left-hand side of it (the road) to get around" the two cars.
When Montgomery was beside Kitchens' car, he asked if they were having car trouble. Yeager said no, they were just talking, or something to that effect. Montgomery continued on around the cars, parked his truck, and walked back to Kitchens' car. As he approached the car, Montgomery again asked if they had car trouble and Yeager again replied that they did not. When Montgomery got within two or three feet of Kitchens' car, he could see a plastic bag containing what appeared to be marijuana lying between the bucket seats. The bag was partially covered by a blue and white checked shirt.
Deputy Montgomery identified himself and requested Kitchens to step out of his car. Montgomery then reached in the car and pulled out the bag of marijuana. The deputy asked Kitchens "was this his, and Kitchens said `yes'." Montgomery then arrested Kitchens and gave him the Miranda warnings.
A warrant issued upon a showing of probable cause is constitutionally required before a search may be conducted and evidence seized. U.S. Const. Amend. IV; Ala. Const. art. I, Section 5. The plain view exception to this rule, however, "permits a warrantless seizure of evidence if the seizing officer 1) has prior justification for the intrusion, 2) comes upon the evidence inadvertently, and 3) immediately recognizes the objects discovered as evidence of wrongdoing." Myers v.State, 431 So.2d 1342, 1344 (Ala.Crim.App. 1982), cert. quashed, 431 So.2d 1346 (Ala. 1983). See also Coolidge v. NewHampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971);Herrin v. State, 349 So.2d 103 (Ala.Cr.App.), cert. denied,349 So.2d 110 (Ala. 1977). We are satisfied that these requirements were met in this case.
It is clear that Deputy Montgomery was justified in approaching the Kitchens vehicle. Initially, he thought Kitchens and his companions had car trouble. "(O)ne of the functions of a law enforcement officer is to render assistance to motorists." Myers, 431 So.2d at 1344. Further, Montgomery stated that there had been "a lot of problems on that road with people drinking." Although he also testified that Kitchens *Page 1002 
and his friends did not appear to be drinking, he was certainly justified in investigating the situation. Moreover, Kitchens was parked in such a way as to partially block a public road, creating a possible hazard for other motorists. For this reason alone Montgomery was justified in approaching Kitchens' vehicle.
According to Deputy Montgomery, he was able to see the marijuana protruding from the shirt as he approached the car, which would obviously be an inadvertent discovery. Yeager, who testified on Kitchens' behalf, stated that the marijuana was completely covered by the shirt and that he thought Montgomery "looked up under the seat first, and then uncovered the shirt." This conflict in testimony raised a question for the trial judge. Cf. Myers, supra (conflicting testimony given in a suppression hearing raises a question for the trial judge). The weight and credibility to be attached to the testimony of these witnesses was also a question for the trial judge. Cf. Smith v.State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, 351 So.2d 675
(Ala. 1977) (the weight and credibility to be attached to the testimony of witnesses at a suppression hearing is a question for the trial judge).
It is not necessary that the seizing officer be convinced beyond a reasonable doubt as to the incriminating nature of the evidence discovered. The evidence needs only to raise the probability that criminal activity is afoot. Myers, supra;Yielding v. State, 371 So.2d 951 (Ala.Cr.App.), cert. denied,371 So.2d 962 (Ala. 1979); Herrin, supra. Montgomery testified that he had viewed marijuana, both growing and in bags, some eight to ten times prior to this occasion and that, in his judgment, the plant material in Kitchens' car appeared to be marijuana.
We find that the marijuana was in plain view when seized and therefore the motion to suppress was properly denied.
 II
Kitchens maintains that his admission of ownership of the marijuana should have been suppressed because he had not been given the warnings required by Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to making the admission.
"(P)olice officers are not required to administer Miranda
warnings to everyone . . . they question." Oregon v. Mathiason,429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977).Miranda warnings must be given only when the questioning is conducted in a custodial setting, meaning that the suspect "has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444,86 S.Ct. at 1612; Mathiason, 429 U.S. at 494, 97 S.Ct. at 713. The procedural safeguards outlined in Miranda do not apply to "traditional investigatory functions (such) as general on-the-scene questioning." Hall v. State, 399 So.2d 348, 351
(Ala.Cr.App. 1981). The facts of each case must be examined in order to determine whether the defendant was questioned merely as part of a general investigation or was subjected to custodial interrogation. See Cork v. State, 433 So.2d 959
(Ala.Cr.App. 1983); Hall, supra.
In State v. Dubany, 184 Neb. 337, 167 N.W.2d 556 (1969), an officer observed the defendant at the wheel of a pickup truck which appeared to be stuck in the sand in a ditch on the side of the road. The officer asked for the defendant's driver's license and inspected it, then asked the defendant if he had been drinking, to which the defendant responded "yes". In affirming the defendant's conviction for driving under the influence of alcohol, the Nebraska Supreme Court found that the officer was conducting an investigation, the defendant was not in custody at the time the question was asked, and, therefore, no Miranda warnings were necessary. See also Sly v. State,387 So.2d 913 (Ala.Cr.App.), cert. denied, 387 So.2d 917 (Ala. 1980); Annot. 25 A.L.R.3d 1076 (1969).
Although here Kitchens had gotten out of his car at Deputy Montgomery's request, there is nothing to suggest that he was in custody at the time the question *Page 1003 
was asked. Cf. United States v. Gibson, 392 F.2d 373 (4th Cir. 1968) (holding that defendant was not in custody where officers located defendant in a bar, requested him to accompany them outside, and, once outside, questioned him concerning a car in the parking lot); Cork, supra (same); People v. Martin,78 Mich. App. 518, 260 N.W.2d 869 (1977) (same). Deputy Montgomery did not have his gun drawn and was not even in uniform, although he had identified himself as a deputy sheriff. Only one question was asked and it was asked without "any apparent purpose either to force or to trick the suspect into an admission of guilt." Gibson, 392 F.2d at 378. Granted, Montgomery's question was directed to Kitchens, which may indicate that his investigation had focused on Kitchens at that time. Focus does not, however, "establish the existence of custodial interrogation." Cork, 433 So.2d at 961 and cases cited therein.
Taking into consideration all of the facts involved in this case, we find that Kitchens was not in custody or subject to any coercion at the time he admitted owning the marijuana. See also McCrary v. State, 529 S.W.2d 467 (Mo.App. 1975) (Miranda
warnings not required where defendant stopped for traffic offense reached into his rear pocket; officer handcuffed defendant, searched him, and found condoms containing heroin; and defendant admitted that substance was heroin after officer had asked him what it was).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.