After appellant Melvin Webb's motion to suppress was denied, he pleaded guilty to possession of cocaine in violation of the Alabama Uniform Controlled Substances Act, reserving by agreement the issue of the suppression ruling. He received a two-year sentence, suspended, with two years of supervised probation. On appeal he argues that the trial court erred in not granting his motion to suppress, upon the following facts.
About noon, a Montgomery police officer was writing out a traffic citation in a parking lot. The appellant was walking across this parking lot and when the two looked at each other, the appellant reversed course and began to walk away. Appellant Webb was carrying a lady's purse under his arm. The police officer asked the appellant to *Page 1281 
wait a minute so that he could finish filling out a UTTC for speeding. The officer testified that he was suspicious of Webb because Webb was carrying a lady's purse and because he immediately turned around and walked in the other direction when he saw the police officer. The officer said he wanted to determine if the purse was stolen. The officer testified as follows:
 "I asked him what his name was. I asked him again if the purse belonged to him. He said yes. I said: 'Do you mind if I look inside the purse to see if your I.D. is in it?' And he said: 'No.' I said: 'Now, you have the right to tell me you don't want me to look in the purse.' He said: 'No, go ahead.' "
The officer looked inside the purse and found drug paraphernalia and cocaine residue.
Through counsel, Webb now contends that the initial stop by the officer was made without any reasonable suspicion; that the consent to look in the purse was the result of presumptive coercion following an illegal arrest. The appellant further asserts a violation of his constitutional rights because noMiranda warnings were read to him.
The police may stop a citizen for investigatory purposes even though at the time of the stop no probable cause exists for arrest. Brooks v. State, 460 So.2d 242 (Ala.Cr.App. 1984). It is required that there be a reasonable suspicion that the person to be stopped is engaged in some type of criminal activity.Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968); Worthy v. State, 473 So.2d 634 (Ala.Cr.App. 1985). The police officer must have a particularized and objective basis for suspecting the person detained of criminal activity.Worthy, supra; Smith v. State, 472 So.2d 677 (Ala.Cr.App. 1984);Kitchens v. State, 445 So.2d 1000 (Ala.Cr.App. 1984). In this instance, the appellant was stopped in a parking lot located in a retail shopping area. He was carrying an accessory normally carried by members of the opposite sex. He started leaving when he saw the police officer look at him. These facts, considered collectively, were sufficient to form an objective basis for the officer's suspicion. "The strength of the information necessary for an investigatory detention is less than that required for an arrest or for a search. Thatch v. State,397 So.2d 246 (Ala.Cr.App. 1981), cert. denied, 397 So.2d 253
(Ala.); Luker v. State, 358 So.2d 504 (Ala.Cr.App. 1978)."Brooks v. State, 460 So.2d at 243.
We need not address the officer's questions to the appellant, who argues that before the officer asked him anything he should have been provided Miranda warnings. Miranda warnings are not required every time the police question someone. Oregon v.Mathiason, 429 U.S. 492, 49 S.Ct. 711, 50 L.Ed.2d 14 (1977);Kitchens v. State, supra. This bundle of warnings is only required to be given when the person being questioned has been taken into custody; when his freedom of movement has been curtailed. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966); Oregon v. Mathiason, supra; Kitchens,supra. We find that the appellant here was not in custody. Traditional investigatory questions (Who are you? What are you doing here? Do you have some identification? What is going on? What is that object? and the like) do not commonly trigger a requirement that Miranda warnings be given. Hall v.State, 399 So.2d 348 (Ala.Cr.App. 1981).
Consent is a recognized exception to the requirement of a search warrant. Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985); Scott v. State, 409 So.2d 978
(Ala.Cr.App. 1981); Delarosa v. State, 384 So.2d 876
(Ala.Cr.App.), cert. denied, 384 So.2d 880 (Ala. 1980).
The totality of the circumstances is the test to be applied in order to determine the voluntariness of the consent.Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041,36 L.Ed.2d 854 (1973); Scott v. State, supra. "Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor *Page 1282 
to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." Schneckloth, supra.
The burden is on the prosecution to show that the consent was freely and voluntarily given. Bumper v. North Carolina,391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Here, the police officer went so far as to advise the appellant that he had the authority to refuse the search of the purse.
The trial court therefore had ample evidence from which to make findings of fact that the stop was made on reasonable suspicion, that the interrogation was not custodial, and that the consent was freely given. The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.