STEAGALL, Justice.
Petitioner was convicted of possession of a controlled substance in violation of Ala. Code 1975, § 13A-12-212 (1982 Repl.Vol.), and the Court of Criminal Appeals affirmed, without opinion. 541 So.2d 87 (Ala.Crim.App.1988). We granted certiorari to determine whether the trial court erred in denying petitioner’s motion to suppress certain drugs as the product of an unlawful arrest.
On October 24, 1987, Officer Michael Ellis and another officer with the Auburn Police Department, while on a routine patrol of the area, observed William Riley Stokes among several hundred people standing outside the War Eagle Supper Club on Highway 29 in Auburn. After noticing that Stokes was holding two beers (at least one of which was open) and that he was “swaying,” Officer Ellis arrested him for highway intoxication, under Code 1975, § 32-5A-221 (1983 Repl.Vol.). Stokes was taken to the police station for booking, and during an inventory of his personal property, blotter paper containing a “hit” of LSD (lysergic acid diethylamide) and a prescription bottle containing 13 “ecstasy” capsules (methylene diozy methamphetamine) were found on him.
Stokes argues that the State failed to prove that he was standing in the highway at the time of his arrest (a necessary element under § 32-5A-221), and, therefore, that the subsequently discovered drugs were the product of an unlawful arrest. Section 32-5A-221, entitled “Pedestrians under influence of alcohol or drugs,” reads:
“A pedestrian who is under the influence of alcohol or any drug to a degree which renders himself a hazard shall not *145 walk or be upon a highway. ” (Emphasis added.)
This statute has been interpreted to mean the “traveled portion of the highway.” Snow v. Parrish, 505 So.2d 368 (Ala.1987). The Code defines “highway” as “[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.” § 32-1-1.1 (1983 Repl.Vol.)
The only testimony the State presented regarding where Stokes was standing prior to being arrested was that of Officer Ellis, who stated that Stokes was on the right-of-way, about six to eight feet from the pavement of Highway 29. Contrary to the State’s argument that there was conflicting testimony regarding where Stokes was standing outside the supper club, there is no conflict, because the State presented no evidence to contradict Stokes’s evidence that he was in the parking lot; the State failed to show that Stokes was on the trav-elled portion of the highway, rather than merely on the right-of-way.
Because the evidence is insufficient to support an arrest for “highway intoxication,” the drugs discovered in Stokes’s possession were “fruit of the poisonous tree” and should have been suppressed. Therefore, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court with instructions to enter an order in conformity with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.