TAYLOR, Presiding Judge.
This is an appeal by the State from a pretrial order of the Circuit Court of Baldwin County granting a defense motion to suppress. The appeal is brought pursuant to Rule 17, A.R.Crim.P.Temp.
The appellee, Charles Carpenter, was indicted by the Baldwin County grand jury for the unlawful receipt of controlled substances, a violation of § 13A-12-212, Code of Alabama 1975 (1989 Supp.). The evidence tended to establish that on the evening of February 24, 1989, Officer Steve Griffis of the Fairhope Police Department received certain information from a known confidential informant, whom the officer knew to be reliable based on extensive past experience. The informant told Officer Griffis that the appellee would be driving on South Mobile Avenue and would be in possession of a gun and drugs. Officer Griffis knew the appellee and his vehicle, so he proceeded to the indicated street to watch for the appellee. When Officer Grif-fis observed appellee driving along South Mobile Avenue, he pulled in behind him and followed appellee’s vehicle briefly before making an investigative stop of appellee’s vehicle. Officer Griffis approached the driver’s side of the vehicle and asked the appellee to get out of his vehicle. When the appellee did so, Officer Griffis observed in plain view the butt of a firearm protruding out from under the driver’s seat, just as the informant had predicted. The appel-lee was then arrested for carrying a pistol without a permit, and his vehicle searched. The ensuing search revealed controlled substances.
Defense counsel filed a motion to suppress, alleging that Officer Griffis searched appellee’s car without probable cause or a search warrant. On March 2, 1990, having heard the evidence and argument of counsel, the trial court granted appellee’s motion to suppress but made no findings of fact and issued no opinion explaining his action.
After reviewing the record, we find that the order of the trial court granting appel-lee’s motion to suppress is due to be reversed.
Under Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), an informant’s tip may carry sufficient “indicia of reliability” to justify a Terry[1] stop even though it may be insufficient to support an arrest or search warrant. See also Walker v. City of Mobile, 508 So.2d 1209, 1211 (Ala.Cr.App.1987); Webb v. State, 500 So.2d 1280, 1281 (Ala.Cr.App.), cert, denied, 500 So.2d 1282 (Ala.1986); Scurlock v. State, 487 So.2d 286, 289 (Ala.Cr.App.1986). All that is required for such a stop is that there be “a reasonable suspicion that the person to be stopped is engaged in some type of criminal activity.” Webb, supra, 500 So.2d at 1281. “Reasonable suspicion” is a suspicion for which the officer is “able to point to specific and articulable facts which, taken together with rational inferences from those *626 facts, reasonably warrant” the action taken by the officer. Terry, supra, 392 U.S. at 21, 88 S.Ct. at 1880. Here, Officer Griffis had a reasonable suspicion authorizing the detention of appellee’s automobile. He had received information from a confidential and reliable informant. Previous information from this informant had resulted in numerous arrests and convictions. The information received by Officer Griffis was that the appellee would be driving down a certain street and would be armed and would have drugs in his possession. Based on these facts, Officer Griffis had reasonable suspicion on which to stop the appel-lee. Accordingly, the stop was lawful. We would further note that in a recent decision of the United States Supreme Court, Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the Court found that information, which was verified to about the same degree as the information in this case, established reasonable suspicion for an investigatory stop, even though the tip came from an anonymous source. In light of this decision, Officer Griffis’s reliance on a reliable and confidential informant with whom he had dealt on numerous occasions was even more justified.
Once Officer Griffis had detained appellee based on his reasonable suspicion that the appellee was engaged in criminal activity, in the interest of his personal safety, he had the right to ask the appellee to get out of his car. Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977); State v. Calhoun, 502 So.2d 808, 814 (Ala.1987). Moreover, as soon as the appellee exited his automobile, Officer Griffis was able to look down onto the floorboard of the automobile and see the gun his informant had predicted the appellee would be carrying. Since the gun was in plain view, Officer Griffis was justified in seizing it. United States v. Hensley, 469 U.S. 221, 235,105 S.Ct. 675, 683, 83 L.Ed.2d 604 (1985); Texas v. Brown, 460 U.S. 730, 736-37, 103 S.Ct. 1535, 1540, 75 L.Ed.2d 502 (1983); State v. Calhoun, supra, 502 So.2d at 814. We would further note that in light of the information that appellee would have a firearm in his vehicle, even if the gun had not been in plain view, Officer Griffis, again in the interest of his personal safety, would have been justified in searching the passenger compartment of appellee’s vehicle. Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480, 77 L.Ed.2d 1201 (1983).
At this point, Officer Griffis had probable cause to believe that the appellee was in possession of controlled substances. He had an informant’s tip that appellee would be driving up South Mobile Avenue with drugs and a gun in his vehicle. Officer Griffis corroborated that appellee was driving along South Mobile Avenue shortly after the informant’s call and, upon stopping appellee’s vehicle for an investigatory detention, he observed a gun in plain view. This information would thus warrant a reasonable and prudent man’s believing that the appellee was also most likely in possession of controlled substances. Texas v. Brown, supra, 460 U.S. at 742,103 S.Ct. at 1543. Furthermore, the fact that there was probable cause to believe that controlled substances were in an automobile supplied the exigent circumstances for a warrantless search of the appellee’s vehicle, since in most instances mobility excuses the absence of a search warrant. See United States v. Johns, 469 U.S. 478, 483-84, 105 S.Ct. 881, 884-85, 83 L.Ed.2d 890 (1985); United States v. Ross, 456 U.S. 798, 805-08, 102 S.Ct. 2157, 2162-64, 72 L.Ed.2d 572 (1982); Dale v. State, 466 So.2d 196, 198-200 (Ala.Cr.App.1985).
Based on the foregoing, the trial court erred in suppressing the evidence seized by Officer Griffis during the warrantless search of the appellee’s vehicle. Accordingly, the judgment of the trial court is due to be, and it is, hereby, reversed, and the cause is remanded for trial.
REVERSED AND REMANDED.
All the Judges concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).