WINDOM, Presiding Judge.
Bryant Terrell James appeals his guilty-plea conviction for possession of a controlled substance, see § 13A-12-212(a)(l), Ala.Code 1975, and his sentence of 18 months to be served in a community-corrections program. Before pleading guilty, James preserved and reserved his right to appeal the Montgomery Circuit Court’s denial of his motion to suppress evidence discovered and seized as the result of a warrantless detention.
At approximately 1:30 a.m. on December 21, 2012, Detective Steven Harrison, who at the time was a patrolman with the Montgomery Police Department, received a dispatch indicating that the Montgomery Police Department had received an anonymous tip about prostitutes and armed individuals at a truck stop. Detective Han-ison described the anonymous tip as follows:
“We received a call about a — I believe it was a black Impala [vehicle] sitting in the parking lot where there [are] trucks parked.
“And subjects — the caller advised that subjects, female subjects [who got out of the vehicle] were knocking on the doors ... trying to solicit the truck drivers. And there [were] also two male subjects in the vehicle with guns.”
(R. 5.) Detective Harrison testified that the truck stop was in a high-crime area and that prostitution was a common occurrence at that location.
Detective Harrison drove to the truck stop and located the Impala. As the anonymous tip had indicated, two males were sitting in the Impala. Other than locating the Impala with two black men inside, Detective Harrison did not observe anything to verify the other information pro *535 vided by the anonymous tipster. After backup had arrived, Detective Harrison approached the Impala and ordered the occupants out of the vehicle. According to Detective .Harrison, he ordered the occupants out of the vehicle to allow him to conduct a wingspan search because he had been advised that the occupants were armed. When James exited the vehicle, Detective Harrison saw a small plastic baggy lying in a pocket of the front passenger door. The baggy contained narcotics.
On appeal, James argues that the circuit court erroneously denied his motion to suppress the evidence seized from the Impala. According to James, the facts conveyed in the anonymous tip were not verified by Detective Harrison’s own observations, were not reliable, and were not sufficient to supply probable cause or reasonable suspicion to. order him out of the vehicle. Therefore, Detective Harrison violated James’s right under the Fourth Amendment to the Constitution of the United States when he ordered James out of the vehicle. James further argues that, because the bag of narcotics would not have been discovered without removing him from the vehicle, the discovery of the narcotics was the fruit of the illegal detention. This Court agrees.
Initially, this Court notes:
“ ‘ “When evidence is presented ore ten-us to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,” Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); “[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,” Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make “ ‘all the reasonable inferences and credibility choices supportive of the decision of the trial court.’ ” Kennedy v. State, 640 So.2d 22, 26 (Ala.Crim.App.1993), quoting Bradley, 494 So.2d at 761. - “[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court_Ab-sent a gross abuse of discretion, a trial court’s resolution of [such] conflict[s] should not be reversed on appeal.” Sheely v. State, 629 So.2d 23, 29 (Ala.Crim.App.1993) (citations omitted). However, “ ‘[w]here the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the [appellate] Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’ ” State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). ‘““[W]hen the trial court improperly applies the law to the facts, no presumption of correctness exists as to the-court’s judgment.”’” Ex parte Jackson, 886 So.2d 155, 159 (Ala.2004), quoting Hill, 690 So.2d at 1203, quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995). A trial court’s ultimate legal conclusion on a motion to suppress based on a given set of facts is a question of law that is reviewed de novo on appeal. See State v. Smith, 785 So.2d 1169 (Ala.Crim.App.2000).’ ”
C.B.D. v. State, 90 So.3d 227, 237 (Ala.Crim.App.2011) (quoting State v. Hargett, 935 So.2d 1200, 1203-04 (Ala.Crim.App.2005)). The relevant facts in the record are uncontested; therefore, the standard of review is de novo. Worthy v. State, 91 So.3d 762, 765 (Ala.Crim.App.2011) (citing State v. Hill, 690 So.2d 1201, 1203 (Ala.1996)).
The Alabama Supreme Court has explained that the “test for determining whether a person detained has been ‘seized’ for Fourth Amendment purposes, [is whether] a reasonable person in his *536 position would have believed that he was not free to leave.” , Coleman v. City of Dothan, 598 So.2d 873, 876 (Ala.1992). Further, warrantless searches or seizures are per se unreasonable .under the Fourth Amendment unless the State establishes that the seizure falls within a recognized exception. Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emergency, situations; 5) a search conducted with probable cause coupled with exigent circumstances; and 6) an. investigatory detention and search for weapons pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed2d 889 (1968). Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone. State v. Black, 987 So.2d 1177, 1180 (Ala.Crim.App.2006) (quoting Pennsylvania v, Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)).
Regarding a brief investigatory detention,
“‘[t]he United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868; 20 L.Ed.2d 889 (1968), held that “a police officer may, in appropriate circumstances and in ah appropriate manner, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.” -392 U.S. at 22, 88 S.Ct. at 1880. The standard for allowing a Terry stop is whether there is a reasonable suspicion that “the person being stopped has engaged in some type of criminal activity.” Webb v. State, 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).’ ”
Muse v. State, 42 So.3d 789, 791 (Ala.Crim.App.2009) (quoting Ex parte Carpenter, 592 So.2d 627, 629 (Ala.1991)); see also Gaskin v. State, 565 So.2d 675, 677 (Ala.Crim.App.1990) (“The United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that a police officer may make a brief investigatory detention based upon a ‘reasonable suspicion’ of criminal activity.”).
‘“In reviewing reasonable suspicion determinations, courts must look at the “ ‘totality of the circumstances’ ” to see whether the detaining officer had a “‘particularized and objective' basis’” for suspecting wrongdoing. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), quoting United States v. Cortez, 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). “This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about' the cumulative information available to them that ‘might well elude an untrained person.’ ” Arvizu, 534 U.S. at 273,122 S.Ct. 744 (quoting Cortez, 449 U.S. at 418, 101 S.Ct. 690).’ ”
Muse, 42 So.3d at 791-92 (quoting State v. Odom, 872 So.2d 887, 890 (Ala.Crim.App.2003)). A brief, investigatory detention is proper under Terry if, based on the totality of the circumstances, “the 'detaining officers ... 'have a particularized and objective basis for suspecting the particular person stopped of criminal activity.” United States v. Cortez, 449 U.S. 411, 417-18, 101 act. 690, 66 L.Ed.2d 621 (1981).
Further, regarding an anonymous tip, the Alabama Supreme Court has explained:
“In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court, dealing with an anonymous tip in the probable *537 cause context, abandoned the ‘two-pronged test’ of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), for the ‘totality of the, circumstances’ approach in determining whether an informant’s tip established probable cause. However, -in abandoning the Aguilar-Spinelli■ ‘two-pronged test’ for the ‘totality of the circumstances’ test, the Court retained the critical factors of an informant’s veracity, reliability, and basis of knowledge as factors to be considered in assessing the value of the information.
“In Alabama v. White, [496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) ], the Court held that just as veracity, reliability, and basis of knowledge are relevant in the. probable cause context, ‘these [critical] factors are also relevant in the reasonable suspicion context, although allowance must be made in applying them for the lesser showing required to meet [the reasonable suspicion] standard.’ 496 U.S. at 325, 110 S.Ct. at 2412. Because the veracity of the person giving the. anonymous tip is ‘by hypothesis largely unknown, and unknowable,’ Illinois v. Gates, 462 U.S. at 237, 103 S.Ct. at 2331, and because ordinary citizens do not generally provide extensive recitations of the basis of their everyday observations, an anonymous tip, without more, seldom demonstrates an informant’s reliability or the basis of the informant’s knowledge. Nonetheless, an anonymous tip can provide the reasonable suspicion necessary for an investigatory stop, if the tip is sufficiently corroborated by independent police investigation. See Alabama v. White.
“ ‘Reasonable suspicion is a less demanding ■ standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.... Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability/ ’ Both factors — -quantity and quality — are considered in the “totality of the circumstances — the whole picture,” that must be taken into account when evaluating whether there is reasonable suspicion.... The same approach [that applies in the probable cause context if a tip has a relatively low degree of reliability, i.e., requiring more information to establish the requisite quantum of suspicion than would be required if the tip were more reliable, such as taking into account the facts known to the officers from personal observation and giving the' anonymous tip the weight of reliability as established through independent police work] applies in the reasonable suspicion context, the only difference being the level of suspicion that must be established.’
“Alabama v. White, 496 U.S. at 330-31, 110 S.Ct. at 2416-17. (Citations omitted.)”'' ' . . 1 ■ ’
Ex parte Barnette, 624 So.2d 507, 508-09 (Ala.1993).
Addressing a similar situation, the Alabama Supreme" Court held that an anonymous tip did not suffice to establish reasonable suspicion. Barnette, 624 So.2d at 509. Addressing the issue, the Supreme Court reasoned:
. “The anonymous tip in this case contained merely a range of details relating *538 to easily obtained facts and conditions existing at the time of the tip, i.e., that two black males dressed in a particular manner were at a specific location. Anyone could have predicted the location of the black males, their race, and a general description of their clothes, because that was a condition presumably existing at the time of the call. However, the anonymous tip did not contain facts which are ordinarily not easily predicted but which would have demonstrated a familiarity with Barnette’s affairs that the general public would not have had, i.e., Barnette’s future behavior.... In addition, when the officers stopped Barnette, they had not corroborated the tip by independent investigation sufficient to furnish reasonable suspicion that Barnette was engaged in criminal activity.
“Therefore, under the ‘totality of the circumstances’ in this case, we hold that because the anonymous tip was not corroborated by independent police investigation, it was insufficient to exhibit indi-cia of reliability that would justify the investigatory stop of Barnette.”
Barnette, 624 So.2d at 509.
Here, Detective Harrison approached the vehicle in which James was sitting and ordered James to exit to allow Detective Harrison to conduct a wingspan search. At that point, a reasonable person would not have believed that he was free to leave; therefore, Detective Harrison had seized James within the meaning of the Fourth Amendment. See Coleman, 598 So.2d at 876. Further, as in Bar-nette, the anonymous tip upon which Detective Harrison relied merely provided a range of details relating to easily obtained facts and conditions existing at the time the tip was made. “[T]he anonymous tip did not contain facts which are ordinarily not easily predicted but which would have demonstrated a familiarity with [James]’s affairs that the general public would not have had, [and Detective Harrison did] not corroborate[ ] the tip by independent investigation sufficient to furnish reasonable suspicion that [James] was engaged in criminal activity.” Barnette, 624 So.2d at 509. Because Detective Harrison detained James based on nothing more than an uncorroborated anonymous tip with little indicia of reliability, James’s right under the Fourth Amendment to be free of unreasonable seizures was violated. Further, the discovery of the drug evidence was a direct result of James’s unconstitutional detention; therefore, the circuit court erred by denying James’s motion to suppress. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Ex parte Stokes, 552 So.2d 144, 145 (Ala.1989) (“Because the evidence is insufficient to support an arrest for ‘highway intoxication,’ the drugs discovered in Stokes’s possession were ‘fruit of the poisonous tree’ and should have been suppressed.”).
Accordingly, the judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.